UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT PEACE,
                                    Petitioner,        :        97 Cr. 1140 (SHS)

        -against-                                      :

                                                       :        05 Civ. 1854 (SHS)

UNITED STATES OF AMERICA,                              :

                                                       :        MEMORANDUM OPINION

                                    Respondent.        :
-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/11

SIDNEY H. STEIN, U.S. District Judge.

        Robert Peace brings this *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b)

for relief from this Court's 2005 denial of his petition for a writ of habeas corpus. That motion is

denied as beyond the scope of Rule 60(b).

I.      **BACKGROUND**

        A. Procedural History

        Peace was charged in a 1998 indictment with one count of conspiracy to distribute and

possess with intent to distribute more than five kilograms of cocaine and more than fifty grams

of cocaine base, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846. A jury convicted

Peace the next year of conspiracy to distribute cocaine base but acquitted him of conspiracy to

distribute cocaine. He was subsequently sentenced to 240 months' imprisonment—the statutory

mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A), which was triggered by the quantity

of cocaine base determined by the Court and Rodriguez's prior state felony drug conviction.

Peace appealed from his federal conviction, which the United States Court of Appeals for the

Second Circuit affirmed by summary order. *United States v. Petteway*, 79 Fed. Appx. 453, 454

(2d Cir. Oct. 28, 2003).

1

Peace then challenged his sentence in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that his sentence was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). He also contended that he received ineffective assistance of counsel. This Court denied Peace's petition because he had waived his *Apprendi* objection; *Blakely* and *Booker* did not apply retroactively on collateral review; and he did not receive ineffective assistance of counsel. *Peace v. United States*, 2005 WL 2233999 (S.D.N.Y. Sept. 12, 2005). Nonetheless, this Court certified for appeal the issue of whether Peace's appellate counsel was ineffective for failing to raise, prior to the Second Circuit's extension of *Apprendi* in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005), an *Apprendi* claim given that Peace had received a mandatory minimum sentence of twenty years' imprisonment based upon a quantity of narcotics that was not found by the jury beyond a reasonable doubt. The Second Circuit affirmed this Court's dismissal of Peace's section 2255 petition on the ground that at the time of his direct appeal, Peace's *Apprendi* argument was foreclosed by Second Circuit precedent. *Peace v. United States*, 253 Fed. Appx. 133, 134 (2d Cir. Nov. 7, 2007).

B. This Motion

Peace now seeks relief pursuant to Rule 60(b) from this Court's denial of Peace's habeas petition. He has filed four motions contending that a defect existed in the collateral review process because the Court did not apply *Apprendi* to his case.[1] Specifically, he argues that because the mandatory minimum prison sentence of twenty years he received was based on a drug quantity that was not found by a jury, the rule of *Apprendi* was violated. Because Peace's

---

[1] Peace has filed a "Motion to Reopen § 2255 Habeas Corpus Pursuant to Rule 60(b)" (Civ. Dkt. # 5; Cr. Dkt. # 228); a "Rule 60(b) Motion to Reopen Previously Dismissed § 2255 Habeas Corpus" (Cr. Dkt. # 231); a "Motion for Order to Show Cause" (Civ. Dkt. # 6); and a "Motion to Renew Motion for Order to Show Cause" (Cr. Dkt. # 230).

four motions all raise the same argument for relief from the same judgment, the Court construes them as one motion.

## II.    DISCUSSION

Rule 60(b) allows for relief from a final judgment, order, or proceeding.  Notwithstanding its label, a Rule 60(b) motion for relief from denial of a habeas petition may in certain circumstances be considered a second or successive habeas petition.  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).  If a Rule 60(b) motion advances a substantive claim for relief that has been previously denied in a habeas petition, then the Rule 60(b) motion is more properly considered to be a second or successive habeas petition. *Gonzalez*, 545 U.S. at 531.  Conversely, "when a Rule 60(b) motion attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not count as a second or successive habeas petition. *Id.* at 532; *see Harris*, 367 F.3d at 77 (permitting Rule 60(b) relief from a previous habeas proceeding only when the "motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction").

Peace's Rule 60(b) motion is clearly a second habeas petition.  Peace contends, as he did in his first habeas petition, that *Apprendi* applied to his case and required the jury to find beyond a reasonable doubt the drug quantity that triggered his mandatory minimum sentence.  In other words, he challenges his underlying conviction, not the integrity of the prior habeas proceedings. *See Rosario-Dominguez v. United States*, Nos. 03 Civ. 4675, 99 Cr. 73, 2008 WL 4067428, at *3 (S.D.N.Y. Sept. 2, 2008) (denying Rule 60(b) motion that sought relief based on jury's failure to find drug quantity beyond a reasonable doubt, where court had already dismissed prior habeas petition and Court of Appeals had already rejected *Apprendi* claim); *Caro v. United States*, Nos.

3

02 Civ. 5442, 89 Cr. 31, 2006 WL 2527779, at *3 (S.D.N.Y. Aug. 31, 2006) (denying Rule 60(b) motion to vacate a sentence based on a drug weight not charged in the indictment, where court had already considered and rejected *Apprendi* argument in a prior habeas petition).

The Anti-Terrorism and Effective Death Penalty Act limits federal prisoners' ability to file a second or successive habeas petition. *See* 28 U.S.C. § 2255(h). To file a second or successive habeas petition, a federal prisoner must receive certification from the Court of Appeals that the petition contains newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *Id.* Because Peace's Rule 60(b) motion is a second habeas petition, this Court may not consider it without authorization from the Second Circuit. The Court therefore has two options: it may either transfer the motion to the Second Circuit for possible certification or it may simply deny the motion as beyond the scope of Rule 60(b). *See Harris*, 367 F.3d at 82 (citing *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)); *Rosario-Dominguez*, 2008 WL 4067428 at *3-4. The Second Circuit suggests that a district court should give a prisoner notice before transferring a Rule 60(b) motion to the Court of Appeals as a second or successive habeas petition in order that the prisoner be given an opportunity to withdraw or restyle the motion. *See Gitten*, 311 F.3d at 534. Accordingly, in order to give Peace notice and conserve judicial resources, this Court will deny Peace's motion as beyond the scope of Rule 60(b). If he so chooses, Peace may seek an order from the Court of Appeals authorizing a second habeas petition.

The Court notes, however, that Peace's argument would likely fail on the merits. Peace claims that there was no exhaustion of his *Apprendi* claim because *Apprendi* applies to cases that became final after June 26, 2000, the date *Apprendi* was decided. His case became final on January 28, 2003, ninety days after the Second Circuit affirmed his conviction. *See Clay v.*

4

*United States*, 537 U.S. 522, 527 (2003). Therefore, according to Peace, because his case became final after the date *Apprendi* was decided, *Apprendi* applies to him. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (new constitutional rules apply to cases pending on direct review or not yet final at time new rule was announced).

The problem with this argument, as explained in the Court's denial of Peace's first habeas petition, is that *Apprendi* itself did not establish the principle that Peace seeks the benefit of. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 489. Because Peace was not sentenced above the statutory maximum—he was sentenced to the statutory minimum—this Court determined that, at the time of sentencing and direct appeal, his counsel was not ineffective for failing to raise an *Apprendi* claim. *Peace*, 2005 WL 2233999 at *3. Indeed, the Second Circuit, in affirming this Court's denial of Peace's habeas petition, observed that at the time of his direct appeal, Peace's *Apprendi* argument was foreclosed by Second Circuit precedent. *Peace*, 253 Fed. Appx. at 134.

Only in August 2005, more than two years after his conviction became final, did the Second Circuit announce pursuant to *Apprendi* that drug quantity must be found by a jury beyond a reasonable doubt in order "to support any conviction on an aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable for an identical unquantified drug crime." *Gonzalez*, 420 F.3d at 133-34. This principle, established in *Gonzalez*, is the basis for Peace's challenge to his mandatory minimum sentence. However, *Gonzalez* is not retroactive on collateral review. *See Caro*, 2006 WL 2527779, at *3; *Rodriguez v. Shult*, No. 09 Civ. 0390, 2009 WL 1310641, at *8 (N.D.N.Y. May 8, 2009); *see also Moses v.*

*United States*, No. 90 Cr. 0863, 2009 WL 222797, at *2 (S.D.N.Y. Jan. 26, 2009) (citing

*Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005) and *Carmona v. United States*, 390

F.3d 200, 202-03 (2d Cir. 2004)). "Thus, even if the Court granted [Peace's] Rule 60(b) motion

and reopened his first habeas petition, the Court would have to deny it again on retroactivity

grounds." *Caro*, 2006 WL 2527779, at *3.

## III.    CONCLUSION

For the reasons set forth above, Peace's motion is denied as beyond the scope of Rule

60(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Memorandum Opinion would not be taken in good faith.

Dated: New York, New York
        June 21, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

6